UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LARRY ADAMS,

        Petitioner,

                              Case No. 1:06-cv-629

v.

                              Hon. Gordon J. Quist

THOMAS K. BELL,

        Respondent.

_____/

**ORDER**

This is an action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner is challenging a conviction and sentence entered in the Third Circuit Court, Wayne County, MI. which is in the Eastern District of Michigan. Petitioner filed his habeas petition in this court on September 1, 2006, while he was incarcerated at the Carson City Correctional Facility, which is within this district. On or about November 3, 2006, petitioner was transferred to the Gus Harrison Correctional Facility, in Adrian, MI, which lies in the Eastern District.

This matter is now before the court on petitioner's "amendment to application for writ of habeas corpus" (docket no. 9). In this motion, petitioner seeks to amend his petition to reflect his new custodian, to transfer the venue of his petition to the Eastern District, and to enter an order that petitioner is not to be moved again. Respondent has not opposed the motion.

Venue for a petition for habeas corpus brought pursuant to § 2254 is set forth in 28 U.S.C. § 2241(d), which provides as follows:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him

and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

The change of venue provisions set forth in 28 U.S.C. § 1404(a) provide that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  Petitioner could have filed his habeas suit in either the Eastern District or the Western District.  *See* § 2241(d).  He chose to file it in the Western  District.

Petitioner cites no basis to support his request for a change in venue other than the fact that he presently resides in a correctional facility located in the Eastern District.  This court did not lose jurisdiction when petitioner was transferred to a correctional facility in the Eastern District. *See generally, Bishop v. Medical Superintendent of the Ionia State Hospital*, 377 F.2d 467, 468 (1967).  Assuming that the Eastern District has jurisdiction over this matter, petitioner has not demonstrated that a change of venue is warranted in this case.  *See* § 1404(a).

Accordingly, petitioner's motion is **DENIED**.


Dated:  March 8, 2007                             /s/ Hugh W. Brenneman, Jr.
                                                  Hugh W. Brenneman, Jr.
                                                  United States Magistrate Judge

2