UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LARRY ADAMS,

      Petitioner,

                                          Case No. 1:06-cv-629
v.                                          Hon. Gordon J. Quist

THOMAS K. BELL,

      Respondent.
_____/

**REPORT AND RECOMMENDATION**

Petitioner, a parolee formerly incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

**I.**    **Background**

On July 11, 2003, petitioner shot Romel Rogers, a former boyfriend of petitioner's daughter. *See* Trial Trans. at 9-26, 111. Following a bench trial, the judge rejected petitioner's claim of self defense and convicted him of felonious assault, M.C.L. § 750.82, felony-firearm, M.C.L. § 750.227b, and felon in possession of a firearm, M.C.L. § 750.224f. *People v. Larry Dwight Adams*, No. 252723, slip op. at 1 (Mich. App. May 31, 2005). Petitioner was sentenced to 23 months to 4 years in prison for the felonious assault conviction, 23 months to 5 years for the felon in possession of a firearm conviction, and two years for the felony-firearm conviction. *Id.*

---

[1] Michigan Department of Corrections (MDOC) records indicate that petitioner was paroled on October 8, 2008. *See* Offender Tracking Information System ("OTIS"), www.state.mi.us/mdoc, (reference: Larry Adams, MDOC No. 137265). Court records indicate that petitioner is currently living in Detroit.

Petitioner, through counsel, presented three issues in his direct appeal to the Michigan Court of Appeals:

> I. Did the court's refusal to allow [petitioner] to enter evidence of previous threats and actions of the complainant to prove the complainant's propensity for violence, and that complainant was the aggressor, and [petitioner] had a reasonable fear of death or great harm violate [petitioner's] rights of confrontation, to present a defense, and to due process under the U.S. Const., Am VI, XIV; Const. 1963?
>
> II. Do [petitioner's] convictions of both felon in possession of a firearm and felony firearm violate double jeopardy in violation of the United States Constitution Amendment VI?
>
> III. Did the prosecutor deny [petitioner] a fair trial by "testifying" in closing argument that " . . . All of the other witnesses said, 'yeah, [petitioner] is the one who shot Mr. Rogers,'" which was a critical "fact" which was not in evidence, U.S. Const. Am XIV; Mich. Const., and was counsel ineffective for failing to object?

Brief on Appeal (docket no. 19).

Petitioner raised four additional issues in a *pro se* supplemental appellate brief:

> IV. Did the prosecutor knowingly allow false testimony that deceived the court, consequently, denying [petitioner] a right to a fair trial?
>
> V. Did the prosecutor withhold evidence favorable to [petitioner]?
>
> VI. Did the defense attorney make numerous serious errors that ultimately prejudiced the case against [petitioner]?
>
> VII. Was it fair to use an arrest that did not result in a conviction as a conviction when calculating the sentencing guidelines?

*Pro Se* Supplemental Brief (docket no. 19).

The Michigan Court of Appeals affirmed the convictions, but remanded the matter to the trial court to correct information on petitioner's presentence investigation report. *People v. Larry Dwight Adams*, No. 252723, slip op. at 1, 5, n. 1.

In his self-styled *pro se* application for leave to appeal to the Michigan Supreme Court, petitioner stated that "I want the Court to consider the issues as raised in my Court of Appeals brief and Supplemental brief and the additional material below." Application for Leave at ¶ 7 (docket no. 20). Petitioner then stated two issues:

    I.      Prosecutorial misconduct

    II.     Assistance of Counsel.

*Id.* The Michigan Supreme Court denied petitioner's application. *People v. Larry Dwight Adams*, No. 129159 (Mich. May 31, 2005).

Now, petitioner has raised three grounds for relief in his habeas petition:

    I.      Conviction obtained by Prosecutor allowing and encouraging testimony he knew to be purged.

    II.     Conviction obtained by Prosecutor withholding evidence favorable to the defendant.

    III.    Conviction obtained by ineffective assistance of counsel.

Petition (docket no. 1).

        **II.**     **Procedurally defaulted claims**

        **A.**     **Procedural default doctrine**

Respondent contends that Issues I and II are barred from habeas review under the procedural default doctrine. The court agrees. Where "a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722,

750 (1991). A procedural default "provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice." *Gray v. Netherland*, 518 U.S. 152, 162 (1996). Not every state procedural rule will warrant application of the procedural default doctrine. Only a procedural rule that was "'firmly established and regularly followed' by the time as of which it [was] to be applied," *Ford v. Georgia*, 498 U.S. 411, 424 (1991), will support application of the doctrine. "For a habeas claim to be procedurally defaulted on the basis of a state procedural rule, the petitioner must have violated a procedural rule, but the state court must also have based its decision on the procedural default." *Simpson v. Jones*, 238 F.3d 399, 407 (6th Cir. 2000).

The Michigan Court of Appeals performed only a "plain error" review of these two issues because petitioner failed to properly preserve the issues for appellate review:

> Defendant also says that the prosecutor denied him a fair trial by allowing the jury [*sic*] to hear false testimony and by withholding evidence from defendant. Defendant failed to object to these alleged errors at trial and, accordingly, we review this issue for plain error affecting defendant's substantial rights. [*People v. Thomas*, 260 Mich. App. 450, 453-454; 678 N.W.2d 631 (2004)].
>
> Defendant asserts that the prosecutor misled the jury [*sic*] by suggesting that the shooting took place at 4:00 p.m. The record does not support this assertion. Rather, Rogers, the victim, established when certain events took place on the day of the shooting and the prosecutor asked other witnesses questions in reference to the time established by Rogers. Further, the precise time of the shooting is not relevant because defendant admitted that he shot Rogers and the critical issue for trial was defendant's claim of self defense. Accordingly, were we to find that the prosecutor suggested the time of the shooting, it would not have denied defendant a fair and impartial trial and he is not entitled to relief on this basis.
>
> Defendant also says that the prosecutor committed misconduct by withholding evidence favorable to defendant. Takisha Harrison testified that she saw a tan Jeep Cherokee on Robson Street before the shooting, and defendant says that the prosecutor should have asked Harrison whether she gave a description of the driver of the vehicle to the police. Specifically, defendant asserts that Harrison told police that the driver she saw wore a goatee. Defendant's prosecutorial misconduct

> claim fails because the prosecutor did not withhold exculpatory evidence from defendant: the record shows that defense counsel had in his possession and referred to the police report that contained Harrison's description. Defense counsel could have cross-examined Harrison regarding her description, but did not. Further, any alleged error would have been harmless because defendant admitted that he was the person who shot Rogers and he did not allege that another person committed or participated in the crime.

*People v. Larry Dwight Adams*, No. 252723, slip op. at 3.

Petitioner's failure to comply with the state's contemporaneous-objection rule resulted a procedural default of these claims for purposes of federal habeas review. *See, e.g., Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009); *Ege v. Yukins*, 485 F.3d 364, 378 (6th Cir. 2007). The state court's plain error analysis did not save a petitioner from the procedural defaults of these claims. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006). "Plain error analysis is more properly viewed as a court's right to overlook procedural defects to prevent manifest injustice, but is not equivalent to a review of the merits." *Id. See also, Paprocki v. Foltz*, 869 F.2d 281, 284-285 (6th Cir. 1989) (limited review of an issue to prevent manifest injustice does not constitute a waiver of the procedural default). Accordingly, petitioner's issues I and II are procedurally defaulted for purposes of this habeas review.

Habeas review of a procedurally defaulted claim is precluded unless petitioner can demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law," or that a failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Petitioner asserts that the ineffective assistance of his counsel caused the procedural default of these

5

two issues. Ineffective assistance of counsel may constitute cause for excusing a procedural default, but only when the performance of counsel was so deficient that it could not be considered the representation guaranteed by the Sixth Amendment. *Id.*; *Strickland v. Washington*, 466 U.S. 668 (1984). Ineffective assistance of counsel adequate to establish cause for the procedural default of some other constitutional claim is itself an independent constitutional claim which can be procedurally defaulted. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Consequently, an ineffective assistance of counsel claim can serve as the cause to excuse a petitioner's procedural default on another claim only if the petitioner can satisfy the cause and prejudice standard with respect to the ineffective assistance of counsel claim itself. *Lancaster v. Adams*, 324 F.3d 423, 438 (6th Cir. 2003). For the reasons stated in § III, *infra*, the court concludes that petitioner has failed to demonstrate ineffective assistance of counsel. Accordingly, counsel's conduct does not constitute cause to excuse the procedural default.

Petitioner's failure to demonstrate cause prevents federal review of his habeas claims unless the court's failure to do so will result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. In *Schlup v. Delo*, 513 U.S. 298, 321 (1995), the Supreme Court described the limited nature of the fundamental miscarriage of justice exception:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving, the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

To meet the threshold requirement for actual innocence, a petitioner must persuade the court "that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 329. In the procedural default context, "'actual innocence'

6

means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998). "To be credible, such a claim [of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324. Claims of actual innocence are rarely successful because such evidence is unavailable in the vast majority of cases. *Id.* Petitioner offers no such new evidence that he is actually innocent of the crimes for which he was convicted. He has failed to meet the fundamental miscarriage of justice exception. Accordingly, petitioner's Issues I and II are procedurally barred and not subject to habeas review.

### III. Petitioner's ineffective assistance of counsel claim (Issue III)

#### A. Standard of review under 28 U.S.C. § 2254

Petitioner seeks relief under 28 U.S.C. §2254, which provides that "a district judge shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Before petitioner may seek such relief in federal court, however, he must first fairly present the substance of his claims to all available state courts, thereby exhausting all state remedies. *Picard v. Connor*, 404 U.S. 270, 277-78 (1981); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994); *see* 28 U.S.C. §2254(b)(1)(A). Here, petitioner has exhausted this issue.

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established Federal law if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided the case differently than a Supreme Court decision based upon a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*rehearing en banc*). An unreasonable application of clearly established Federal law occurs "when the state court identified the correct legal principle from the Supreme Court but unreasonably applied the principle to the facts of the case before it." *Id.*

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001).

### B.     The state appellate court decision

Petitioner contends that his counsel failed to object to certain testimony regarding the time of the shooting and failed to properly cross-examine a prosecution witness, Ms. Takisha

Harrison. The Michigan Court of Appeals addressed petitioner's claim of ineffective assistance of counsel as follows:

> Defendant also claims that several alleged errors by defense counsel denied him a fair trial. When reviewing an unpreserved claim of ineffective assistance of counsel, our review is limited to the facts contained in the record. *People v. Rodriguez*, 251 Mich. App 10, 38; 650 NW2d 96 (2002); *People v. Wilson*, 242 Mich. App 350, 352; 619 NW2d 413 (2002). To establish an ineffective assistance of counsel claim, a defendant must show that: (1) counsel's performance was below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *People v. Toma*, 462 Mich. 281, 302-303; 613 NW2d 694 (2000). To show that counsel's performance was below an objective standard of reasonableness, defendant must overcome the strong presumption that his counsel's actions constituted sound trial strategy under the circumstances. *Id.* at 302.
>
> Defendant alleges that defense counsel failed to inform the court that the shooting occurred later than 4:00 p.m. This argument fails because, were we to find that defense counsel erred, defendant admitted that he was at the scene of the crime and that he, in fact, shot the victim. Accordingly, as noted, the precise time of the shooting is irrelevant. Nonetheless, defense counsel called defendant's supervisor, Wesley Steele, who testified that defendant worked through the early evening on the day of the incident. Therefore, defense counsel presented evidence to establish the timing of the shooting and defendant's whereabouts before the crime occurred.
>
> Defendant also takes issue with defense counsel's examination of [defendant's employer Wesley] Steele, during which Steele testified that he does not use time cards and that defendant could leave his workplace at any time. The record reflects that defense counsel simply inquired about how defendant's employer kept track of its employees. Steele specifically testified that he knew defendant worked twelve hours on the day of the shooting and that, on that day, defendant could not have left work in the middle of the day. Defense counsel's examination was objectively reasonable and established his intended point-that defendant was at work until the early evening. Therefore, this does not constitute ineffective assistance of counsel. [FN5]
>
> We also reject defendant's claim that defense counsel failed to adequately cross-examine Takisha Harrison regarding her testimony that defendant's Jeep Cherokee was the same one she saw driving up and down her street before the shooting. Defense counsel questioned Harrison about the shooting itself and he called Wesley Steele to testify that defendant was at work all day. Defense counsel asked Steele, "[Y]ou're sure [defendant] couldn't have been out just driving around somebody's neighborhood that day?" Steele answered, "No, not that day." By calling defendant's employer, defense counsel presented evidence to rebut Harrison's

assertion. Accordingly, defendant has not overcome the strong presumption that his counsel's actions constituted sound trial strategy and, therefore, his ineffective assistance of counsel is without merit. [*People v. Toma*, 462 Mich. 281, 302-03; 613 N.W.2d 694 (2000).]

> [FN5. Defendant also complains that he had to remind defense counsel to call Steele as a witness. Were we to find that this claim is established in the record, defendant cannot show that he was prejudiced by any error because, regardless whether defendant had to call him to defense counsel's attention, Steele testified at the trial.]

*People v. Larry Dwight Adams*, No. 252723, slip op. at 3-4.

### C. Legal standard

The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Strickland*, 466 U.S. at 687. In *Strickland*, the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* In making this determination, the reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. Scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Id.* at 689-690.

### D. Counsel's failure to object to testimony regarding the time of the shooting

Petitioner raises a number of claims that defense counsel failed to object to the testimony with respect to the time of the shooting, especially testimony that suggested the shooting

occurred at 4:00 p.m. *See* docket no. 1 at pp. 12-17; Trial Trans. at 66, 75, 84, 99. Trial counsel's failure to object is not usually deficient performance for purposes of an ineffective assistance of counsel claim. *See Lundgren*, 440 F.3d at 774. "[T]he Constitution does not insure that defense counsel will recognize and raise every conceivable constitutional claim." *Engle v. Isaac*, 456 U.S. 107, 134(1982). Rather, "experienced trial counsel learn that objections to each potentially objectionable event could actually act to their party's detriment." *Lundgren*, 440 F.3d at 774. *See Keene v. Mitchell*, No. 1:00-cv-421, 2004 WL 3325797 at *81 (S.D. Ohio Aug. 25, 2004) ("A trial is not a law-school examination. * * * [N]o one will reward you for making every possible objection") (citation omitted). In evaluating petitioner's claim, the court notes that during bench trials, "judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions." *Harris v. Rivera*, 454 U.S. 339, 346 (1981).

In this case, defense counsel concentrated his efforts on the cross-examination of the government's witnesses to establish petitioner's self-defense claim: counsel questioned the victim on his relationship with petitioner's daughter and whether he owned a pistol (Trial Trans. at 30-45); counsel questioned Ms. Harrison on whether she could see petitioner and the victim at the time of the shooting (Trial Trans. at 49-55); and, counsel questioned three witnesses, Likia Holman, Latrice Lewis and Amber Manuel, on whether the victim had a pistol at the time of the shooting (Trial Trans. 63-65; 71-74; and 79-83). Although the court ultimately rejected petitioner's self-defense claim, counsel elicited testimony in an effort to support that claim. Under these circumstances, the court concludes that counsel was not deficient in presenting the issue.

Finally, even if counsel's performance had been deficient, the Michigan Court of Appeals properly concluded that petitioner was not prejudiced by counsel's actions. Petitioner admitted that he was at the scene of the crime and that he shot the victim. Trial Trans. at 111. Given

this admission, whether the shooting occurred at 4:00 p.m., or later in the day, would appear to be an issue of minimal relevance.

### E.     Ms. Harrison's testimony

Next, petitioner contends that his counsel failed to adequately cross-examine Ms. Harrison regarding her description of the man driving petitioner's jeep through the neighborhood, whom Harrison described in a police report as having a goatee.[2] Petitioner contends that this was not him. Petitioner's claim is without merit. The assailant's identity was not at issue in this case. It is undisputed that petitioner shot the victim. Trial Trans. at 111. The issue before the trial court was whether petitioner shot the victim in self-defense. *Id.* at 111, 114-15, 124-30. Even if counsel had elicited testimony from Harrison that the man driving the jeep had a goatee, petitioner fails to explain how such testimony was relevant to his claim of self-defense. Accordingly, petitioner was not prejudiced by counsel's failure to cross-examine Harrison on this issue.

### F.     Summary

The state court's decision on the issue of ineffective assistance of counsel was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor were the decision and convictions based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to relief on this claim.

---

[2] The trial transcript does not indicate that the police report was admitted into evidence at trial. *See* docket no. 17.

**IV.     Recommendation**

I respectfully recommend that petitioner's habeas petition be **DENIED**.  Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated:  June 5, 2009                             /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Amended Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).