UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LARRY ADAMS,

        Petitioner,

v.                                            Case No. 1:06-CV-629

THOMAS K. BELL,                        HON. GORDON J. QUIST

        Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection to the Magistrate Judge's Report and Recommendation dated June 5, 2009, in which Magistrate Judge Brenneman recommended that Petitioner's petition for writ of habeas corpus be denied. Petitioner raised the following grounds for relief in his habeas petition:

    I.        Conviction obtained by prosecutor allowing and encouraging testimony he knew to be purged [sic].

    II.       Conviction obtained by Prosecutor withholding evidence favorable to the defendant.

    III.      Conviction obtained by ineffective assistance of counsel.

(Report & Recommendation at 5-6.)

The magistrate judge concluded that Issues I and II were procedurally defaulted because Petitioner failed to preserve them for appellate review. The magistrate judge further concluded that Petitioner failed to demonstrate cause for the procedural default because he failed to demonstrate that his counsel was ineffective, as alleged in Issue III. Regarding ineffective assistance of counsel, the magistrate judge concluded that Petitioner's counsel was not ineffective for not objecting to certain testimony regarding the time of the shooting because defense counsel sought to establish Petitioner's

claim of self-defense through cross-examination of the victim and other witnesses relative to Petitioner's self-defense claim. The magistrate judge further concluded that Petitioner suffered no prejudice even if his counsel's performance was deficient because Petitioner admitted that he was at the scene and he shot the victim, so the precise time of the shooting was of minimal relevance. Finally, the magistrate judge concluded that Petitioner's counsel was not ineffective for failing to cross-examine Ms. Harrison about her description of the man driving Petitioner's jeep through the neighborhood because the shooter's identity was not at issue in the case, and such testimony was not relevant to Petitioner's claim of self-defense.

In his Objection, Petitioner again argues that his counsel was deficient for failing to object to testimony that the shooting occurred in the afternoon rather than the evening. Petitioner also contends that defense counsel failed to adequately cross-examine Ms. Harrison regarding her description of the man driving the jeep.[1] Having conducted a *de novo* review of the report and recommendation with regard to each ground, the Court concludes that the report and recommendation should be adopted.

Regarding defense counsel's failure to object to testimony concerning the time of the shooting, the magistrate judge properly noted that defense counsel sought to establish the self-defense claim through cross-examination of the victim and other witnesses. In addition, as the Michigan Court of Appeals noted, defense counsel called Petitioner's supervisor to establish that Petitioner worked through the early evening (and thus did not leave work to go looking for the victim). Given this evidence, the Court agrees with the magistrate judge that defense counsel's performance was not deficient.

---

[1] Petitioner also requests that his habeas petition be denied as he is no longer incarcerated. (Objection at 8.) However, the Court will address Petitioner's arguments on the merits.

Regarding defense counsel's failure to question Ms. Harrison about her identification of the man driving petitioner's jeep, the magistrate judge noted that the shooter's identity was not at issue because it was undisputed that Petitioner shot the victim, and the issue was whether Petitioner acted in self-defense. Thus, Petitioner could not have been prejudiced by his counsel's failure to cross-examine Ms. Harrison on this issue.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued June 5, 2009 (docket no. 24) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Objection (docket no. 25) is **OVERRULED**.

3

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is **DENIED** by this Court.

This case is **concluded**.


Dated: August 14, 2009                                            /s/ Gordon J. Quist
                                                                                        GORDON J. QUIST
                                                                   UNITED STATES DISTRICT JUDGE